UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

**United States of America,**

                              **Plaintiff,**

              **-v-**                                          **5:06-CV-428 (NAM/DEP)**

**25.202 Acres of Land and building affixed to the land located in the Town of Champlain, Clinton County, New York: and Amexx Warehouse Company, Inc., d/b/a Duty Free Americas, Inc., et al.,**

                              **Defendants.**

❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖❖

APPEARANCES:

Hon. Richard A. Hartunian, United States Attorney
Paula Ryan Conan, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261-7198
and
John O. Holm, Esq.
United States Department of Justice, Environmental Division
P.O. Box 561
Ben Franklin Station
Washington, D.C. 20044-0561
and
Kristin R. Muenzen, Esq.
United States Department of Justice, Commercial Litigation
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044-0261
Attorneys for Plaintiff

Hiscock & Barclay Law Firm
David G. Burch , Jr., Esq., of counsel
Kevin R. McAuliffe, Esq., of counsel
One Park Place
300 South State Street
Syracuse, New York 13202-2078
and
Zimmer Law Office PLLC
Kimberly M. Zimmer, Esq., of counsel
Monroe Building, Suite 301
333 East Onondaga Street
Syracuse, New York 13202
Attorneys for Defendants.

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Three motions are pending in this condemnation case concerning property owned by defendant Amexx Warehouse Company, Inc., d/b/a Duty Free Americas, Inc.[1] Defendant moves (Dkt. No. 42) to preclude the testimony of E. Anthony Casale, the Government's expert witness. The Government moves (Dkt. No. 43) to exclude the valuation testimony of defendant's appraiser Michael E. Ellis to the extent that Ellis relies on an income capitalization method of valuation. The Government also moves (Dkt. No. 44) to preclude valuation testimony by John A. Couri, Steven D. Zurcher, Simon Falic, Joseph W. Kearney, and any undisclosed valuation witnesses.[2]

Upon referral, United States Magistrate Judge Gustave J. DiBianco issued a Report and Recommendation recommending that this Court:

1. deny defendant's motion (Dkt. No. 42) to preclude the valuation testimony of the Government's expert Casale;

2. grant the Government's motion (Dkt. No. 43) to preclude the testimony of Ellis to the extent that it relies on the income capitalization method of valuation; and

3. grant the Government's motion (Dkt. No. 44) preclude valuation testimony by John A. Couri, Steven D. Zurcher, Simon Falic, Joseph W. Kearney, and any undisclosed valuation witnesses to the extent that their testimony is based upon Ellis's income capitalization appraisal; and deny the motion to the extent that Simon Falic and Joseph W. Kearney may testify to the value of their property as owners of that property.

Defendant submitted an objection to the Report and Recommendation (Dkt. No. 85). The Government filed a response to the objection (Dkt. No. 87). Pursuant to 28 U.S.C. §

---

[1] As did Magistrate Judge DiBianco, the Court refers to "25.202 Acres of Land and building affixed to the land located in the Town of Champlain, Clinton County, New York: and Amexx Warehouse Company, Inc., d/b/a Duty Free Americas, Inc., *et al.*" as "defendant."

[2] On September 10, 2009, Magistrate Judge DiBianco dismissed the motion (Dkt. No. 44) as moot (Dkt. No. 74); however, the parties sought clarification (Dkt. Nos. 75, 76), and the Report and Recommendation addresses the motion.

636(b)(1)(C), this Court reviews *de novo* those parts of the Report and Recommendation to which defendant objects.  Upon *de novo* review, the Court accepts and adopts Magistrate Judge DiBianco's excellent Report and Recommendation.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 77) of United States Magistrate Judge Gustave J. DiBianco is accepted and adopted; and it is further

ORDERED that defendant's motion (Dkt. No. 42) to preclude the valuation testimony of the Government's expert E. Anthony Casale is denied; and it is further

ORDERED that the Government's motion (Dkt. No. 43) to preclude the testimony of Michael E. Ellis to the extent that it relies on the income capitalization method of valuation is granted; and it is further

ORDERED that the Government's motion (Dkt. No. 44) to preclude valuation testimony by John A. Couri, Steven D. Zurcher, Simon Falic, Joseph W. Kearney, and any undisclosed valuation witnesses is granted to the extent that all testimony based upon Michael E. Ellis's income capitalization appraisal is precluded, and denied to the extent that Simon Falic and Joseph W. Kearney, in their capacity as owners of the subject property, may testify to its value.

IT IS SO ORDERED.

March 9, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge